UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JORGE ALBERTO SALINAS, | ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:25-cv-00011-SEP |
| WILL MANSFIELD, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

Self-represented Plaintiff Jorge Salinas, an inmate currently incarcerated at Dunklin County Justice Center in Kennett, Missouri, filed this civil rights action on January 14, 2025. Doc. [1]. Plaintiff's initial filing is deficient as set forth below.

Plaintiff moves to proceed without prepayment of filing fees but has not filed the required copy of his prison account statement for the six-month period immediately preceding the filing of this lawsuit. Doc. [2]. Because Plaintiff failed to provide his inmate account statement, the Court denies the motion. The Court orders Plaintiff to, **no later than 21 days from the date of this Memorandum and Order**, either (1) pay the $405 filing fee or (2) file a motion to proceed without prepaying the fees along with a certified copy of his prison account statement. *See* 28 U.S.C. § 1915(a)(2). Failure to timely pay the filing fee or file a new motion accompanied by a certified account statement will result in the Court dismissing this case without prejudice and without further notice.

Plaintiff also must amend his complaint on a Court-provided form in a manner compliant with this Order. *See* Local Rule 2.06(A). His initial filing does not make clear who the defendants are in this action. In the caption of the form, Plaintiff names "Will Mansfield," "Dorothy" and the "Dunklin County Justice Center." However, on pages 2-3 of the form, he has designated only two defendants: "Will Mansfield, Correctional Officer" and "Star Dorothy, Correctional Officer."[1] Additionally, in Plaintiff's "Statement of Claim," he appears to describe an altercation that arose between himself and another inmate in March of 2024, during which Officer Dorothy is alleged to have tased him. Doc. [1] at 4. Plaintiff alleges that he was then

---

[1] It is also unclear in what capacity Plaintiff is suing defendants.

placed in a cell without medical attention but fails to indicate what injury he sustained that required medical care. *Id*. Additionally, he purports that he was denied Tylenol on an unspecified date, but does not indicate why he needed the Tylenol, whom he asked for the Tylenol, or why it was allegedly denied. *Id*. Thus, it is unclear whether he is asserting a negligence claim against an unknown defendant or if this is a different claim altogether. Plaintiff also purports to assert a due process claim, alleging that he "did 60 days from March-May," but fails to articulate how this "60 days" may have violated his Fourteenth Amendment rights. *Id*. Last, Plaintiff claims that Officer Mansfield should be better trained, but does not indicate how Mansfield was purportedly involved in the described events. *Id.*

Because Plaintiff is *pro se* and seeking to proceed *in forma pauperis*, the Court will allow him to amend his pleading. Plaintiff should bear in mind that an amended complaint will entirely replace the original complaint, so he must include every claim he wishes to pursue in the amended complaint. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims not included in the amended complaint will be deemed abandoned and will not be considered. *Id.* Plaintiff is further advised that the allegations in the amended complaint may not be conclusory. Plaintiff must plead facts that show how each defendant is personally involved in or directly responsible for the alleged harm. If Plaintiff wishes to sue a defendant in his or her individual capacity, Plaintiff must specifically say so in the amended complaint. If Plaintiff fails to file an amended complaint on the Court's form within 21 days and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice.

Last, the Court will deny Plaintiff's motion for appointment of counsel at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the litigant to investigate the facts, the existence of conflicting testimony, and the ability of the litigant to present his or her claims. *Phillips v. Jasper Cty. Jail,* 437 F.3d 791, 794 (8th Cir. 2006). After reviewing these factors, the Court finds that appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear

to be especially complex.  If the circumstances of the case change, the Court may entertain a request for counsel at a later time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis*, Doc. [2], is **DENIED without prejudice.**  The Court orders Plaintiff to, **within 21 days of the date of this Memorandum and Order** either (1) pay the filing $405 filing fee or (2) file a motion to proceed without prepaying the fees along with an accompanying certified inmate account statement for the six-month period immediately preceding the filing of the complaint.

**IT IS FURTHER ORDERED** that the Clerk shall provide Plaintiff with two copies of the Court-provided forms for filing prisoner civil rights complaints, as well as two copies of the Court-provided forms for seeking leave to proceed without prepaying fees in prisoner actions.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel, Doc. [3], is **DENIED** at this time**.**

**IT IS FINALLY ORDERED** that if Plaintiff fails to comply with this Order, this matter will be **DISMISSED** without prejudice.

Dated this 29th day of January, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

3